IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| BERKLEY ASSURANCE COMPANY<br>  Plaintiff | § § § | |
| vs. | § § § | CIVIL ACTION NO. _____ |
| TRIPLE A DUMP TRUCK SERVICE LLC<br>  Defendant | § § § § | |

## PLAINTIFF BERKLEY ASSURANCE COMPANY'S
## COMPLAINT FOR DECLARATORY JUDGMENT

Plaintiff Berkley Assurance Company seeks a declaratory judgment that it has no duty to continue defending or indemnify its insured, Triple A Dump Truck Service LLC, against the claims made against it in a personal injury lawsuit filed by one of its employees. Because the commercial general liability policy Berkley Assurance issued to Triple A does not cover claims by employees against their employers, Berkley Assurance has no duty to defend Triple A. Berkley Assurance has no duty to indemnify Triple A because the same reason that negates the duty to defend—a suit by an employee against his employer—negates any possibility Berkley Assurance will ever have a duty to indemnify Triple A. Therefore, pursuant to 28 U.S.C. § 2201, Berkley Assurance seeks a judgment (1) declaring it has no duty to defend, (2) declaring that it may withdraw from Triple A's defense, and (3) declaring that it has no duty to indemnify Triple A.

### I. PARTIES

Plaintiff Berkley Assurance Company is an Iowa corporation whose principal place of business is in Arizona.

Defendant Triple A Dump Truck Service LLC is a Texas limited liability Company with its principal place of business in Mission, Hidalgo County, Texas. Triple A may be served with

process via its Registered Agent, Jose Arnoldo Pena, Jr., P.O. Box 297, Mission, Texas, 78572. Mr. Pena may also be found at 5627 Western Road, Mission, Texas.

## II. JURISDICTION AND VENUE

This Court has jurisdiction over this lawsuit under 28 U.S.C. § 1332(a)(1) because Berkley Assurance and Triple A are citizens of different states and the amount in controversy exceeds $75,000, excluding interest and costs.

Venue is proper in the McAllen Division under 28 U.S.C. § 1391(a)(1) because Triple A maintains its principal place of business in Mission, Texas.

## III. THE BERKLEY ASSURANCE POLICY

Berkley Assurance Company issued to Triple A Dump Truck Service LLC Commercial General Liability Policy No. VUMB0194501, effective from March 1, 2020 to March 2, 2021. A certified copy of the policy is attached as Exhibit A. The policy's Limit of Insurance per occurrence is $1,000,000. The policy's provisions relevant to this action are as follows:

> **SECTION I – COVERAGES**
>
> **COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**
>
> 1. **Insuring Agreement**
>    a. We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies. We will have the right and duty to defend the insured against any "suit" seeking those damages. However, we will have no duty to defend the insured against any "suit" seeking damages for "bodily injury" or "property damage" to which this insurance does not apply. We may, at our discretion, investigate any "occurrence" and settle any claim or "suit" that may result. But:
>
>    **(1)** The amount we will pay for damages is limited as described in Section **III** – Limits Of Insurance; and
>
>    **(2)** Our right and duty to defend ends when we have used up the applicable limit of insurance in the payments of judgments or settlements under Coverages **A** or **B** or medical expenses under Coverage **C**.

> No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under Supplementary Payments – Coverages **A** and **B**.
>
> . . . .
>
> **e.** Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury".
>
> **2. Exclusions**
>
> This insurance does not apply to:
>
> . . . .
>
> **e. Employer's Liability**
>
> "Bodily injury" to:
>
> **(1)** An "employee" of the insured arising out of and in the course of:
>
> **(a)** Employment by the insured; or
>
> **(b)** Performing duties related to the conduct of the insured's business; or
>
> **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.
>
> This exclusion applies whether the insured may be liable as an employer or in any other capacity and to any obligation to share damages with or repay someone else who must pay damages because of the injury.
>
> This exclusion does not apply to liability assumed by the insured under an "insured contract".
>
> \* \* \* \*
>
> **SECTION V – DEFINITIONS**
>
> . . . .
>
> **3.** "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time. "Bodily injury" also means mental anguish, mental injury, or shock, if directly resulting from physical injury, sickness, or disease to that person.[1]
>
> . . . .
>
> **5.** "Employee" includes a "leased worker". "Employee" does not include a "temporary worker".

---

[1] This definition is from the **CONTRACTORS ENHANCEMENT FORM** endorsement replaces the definition of "bodily injury" from the **COMMERCIAL GENERAL LIABILITY COVERAGE FORM**.

. . . .

**13.** "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

\* \* \* \*

### IV. THE TREVINO LAWSUIT

Plaintiff Gloria Angelica Gonzalez Balderas ("Mrs. Gonzalez") has sued her deceased husband's employer, Triple A Dump Truck Service, LLC, in the District Court of Hidalgo County, Texas, stemming from her husband's on-the-job death caused by an explosion. A true and correct copy of the live petition in the lawsuit is attached as Exhibit B. Mrs. Gonzalez sued individually, on behalf of the Estate of Francisco Trevino, and on behalf of her four minor children.

Mrs. Gonzalez alleges she was married to Francisco Trevino and they were raising their four minor children in Hidalgo County. Mrs. Gonzalez alleges Mr. Trevino was for the last four years employed as a Triple A shop worker earning $90.00 daily. Mrs. Gonzalez is a homemaker.

Mrs. Gonzalez alleges that Triple A operates a construction company focusing on installing drainage systems for new subdivisions in and around Hidalgo County. Triple A is owned by Arnoldo Pena, Jr., whom Mrs. Gonzalez alleges "hired, supervised, and controlled Mr. Trevino's work at Triple A." On the morning of January 22, 2021, Mrs. Gonzalez alleges Mr. Pena ordered Mr. Trevino to use a blowtorch to remove a large gas holding tank on Triple A's property located at 5627 Western Road, Mission, Texas. Mr. Trevino, however, was not a licensed welder and held no formal welding certifications, according to Mrs. Gonzalez's allegations. Triple A had provided Mr. Trevino with virtually no training in the use of a blow torch, which Mrs. Gonzalez alleges created a significant danger for Mr. Trevino. Mrs. Gonzalez alleges that Triple A frequently tasked Mr. Trevino with dangerous jobs even though it knew he was neither qualified nor trained to perform them. Mrs. Gonzalez alleges that Triple A did not care about Mr. Trevino's lack of

qualifications or training because the company placed profits over safety and only hired Mr. Trevino because "it was cheaper to higher [*sic*] Mr. Trevino than a licensed, American worker."

Mrs. Gonzalez alleges that Triple A knew the tank previously housed flammable liquids, was leaking when it ordered Mr. Trevino to perform the blowtorch work, and that operating a blow torch near the tank was dangerous and "violated virtually every industry welding standard on planet earth." Mrs. Gonzalez alleges Triple A ignored these facts when it ordered Mr. Trevino to remove the tank and that Mr. Trevino had no choice but to comply.

Mrs. Gonzalez alleges that the tank exploded after Mr. Trevino's blowtorch made contact with a flammable substance, throwing him across the yard and igniting property the fire department would have to extinguish. Mr. Trevino was rushed to a local emergency room before being life-flighted to Brooke Army Hospital in San Antonio. Mrs. Gonzalez alleges the explosion burned Mr. Trevino "over much of his body, including his face, chest, stomach, back, legs, and groin" and that one of his arms was "burned to the bone." Mr. Trevino died in the hospital eight days later, on January 30, 2021.

Mrs. Gonzalez alleges that Triple A was negligent, claiming it owed Mr. Trevino a duty to provide him "with a safe work environment." Mr. Gonzalez alleges a laundry list of allegedly negligent acts committed by Triple A as Mr. Trevino's employer, including failing to maintain a safe work site, ordering Mr. Trevino to perform unsafe and dangerous work, failing to prevent employees from using open flames near the tank, failing to instruct Mr. Trevino not to use a blowtorch on the tank, failing to properly train Mr. Trevino on the work to be performed, and preparing and promulgating a work plan that was unworkable and unsafe. Mrs. Gonzalez is clear that Mr. Trevino was a Triple employee:

This case is about holding a construction company responsible for the gruesome death of their employee, Mr. Trevino, in January 2021 after ordering him to remove a loaded fuel tank with a blow torch, resulting in an explosion that injured and ultimately killed him after she suffered for several weeks in a hospital burn unit.

. . . .

Until his death, Defendant employed Mr. Trevino for the last four years as a shop worker. Mr. Trevino worked hard to support his family and earned $90.00 per day.

. . . .

The company is owned and operated by Mr. Arnoldo Pena, Jr. Mr. Pena hired, supervised, and controlled Mr. Trevino's work at Triple A Dump Truck Services, LLC.

Mrs. Gonzalez also alleges a premises liability claim against Triple A, which she alleges owned or controlled the property on which Mr. Trevino was injured and had actual or constructive knowledge of the condition of its property. Mrs. Gonzalez alleges Mr. Trevino was an invitee on the premises because he entered the property with Triple A's consent and permission for the mutual benefit of both parties. Mrs. Gonzalez alleges Triple A failed to exercise reasonable care to reduce or eliminate the numerous risks that led to Mr. Trevino's injury and that its actions, when viewed objectively from Triple A's standpoint at the time of the incident, involved an extreme degree of risk that Triple A had actual, subjective awareness of but, rather than heeding that risk, proceeded with conscious indifference to Mr. Trevino's rights, safety, and welfare, which constituted gross negligence.

Mrs. Gonzalez brings suit under the Texas Wrongful Death Statute and seeks compensatory damages in the amount of $25,000,000 for pecuniary loss, mental anguish, loss of companionship and society, loss of inheritance, and medical, death, and funeral expenses. Mr. Gonzalez pleads for all wrongful death damages and survival damages allowed by Texas law. She also seeks exemplary damages of an additional $25,000,000, costs, pre-judgment interest, and post-judgment interest.

## V. THE COVERAGE DISPUTE

"Under the 'eight corners' rule of Texas insurance law, the insurer's defense duty turns on the policy's terms and the plaintiff's allegations." *Don's Bldg. Supply, Inc. v. OneBeacon Ins. Co.*, 267 S.W.3d 20, 31 (Tex. 2008). The rule requires the reviewing court to compare the allegations made within the four corners of the underlying petition to the policy provisions and exclusions found within the four corners of the insurance policy. *See National Union Fire Ins. Co. v. Merchants Fast Motor Lines*, 939 S.W.2d 139, 141-42 (Tex.1997).

The Supreme Court of Texas has acknowledged that "CGL policies were never meant to cover claims by employees against their employers." *Seger v. Yorkshire Ins. Co.*, 503 S.W.3d 388, 398 (Tex. 2016) (citing 9A Steven Plitt, *et al.*, Couch on Insurance § 119:11 (3d ed. 2016)). The relevant language of the Berkley Assurance policy—an Insurance Services Office, Inc. form—makes clear that the policy is not intended to cover certain claims by Triple A's employees against Triple A:

> "Bodily injury" to:
> **(1)** An "employee" of the insured arising out of and in the course of:
>> **(a)** Employment by the insured; or
>> **(b)** Performing duties related to the conduct of the insured's business; or
>
> **(2)** The spouse, child, parent, brother or sister of that "employee" as a consequence of Paragraph **(1)** above.

As explained below, because of this exclusion, the Berkley Assurance policy provides neither defense nor indemnity coverage to Triple A for Mrs. Gonzalez's claims.

## VI. DECLARATORY RELIEF—DUTY TO DEFEND

Berkley Assurance seeks declaratory relief pursuant to the 28 U.S.C. § 2201.

The Berkley Assurance policy is clear that its insurance does not apply to claims made by employees against Triple A. Mrs. Gonzalez is clear in her petition that Mr. Trevino was a Triple

A employee. Her premises liability allegations are entirely consistent with Mr. Trevino's employee status.

Triple A has requested a defense under the Berkley Assurance policy. Berkley Assurance has agreed to provide that defense subject to a reservation of rights based on the Employer's Liability exclusion. Thus, an actual controversy of a justiciable nature presently exists between Berkley Assurance and Triple A concerning their rights and obligations under the Policy with respect to the duty to defend.

For these reasons, Plaintiff Berkley Assurance Company asks the Court to enter judgment declaring that it has no duty to defend Defendant Triple A Dump Truck Service LLC in the lawsuit and that it may withdraw from Triple A's defense.

## VII. DECLARATORY RELIEF—DUTY TO INDEMNIFY

Berkley Assurance seeks declaratory relief pursuant to the 28 U.S.C. § 2201.

Here, Mrs. Gonzalez's pleadings negate both the duty to defend and the duty to indemnify." Specifically, the duty to indemnify is justiciable before the insured's liability is determined in the liability lawsuit when the insurer has no duty to defend and the same reasons that negate the duty to defend likewise negate any possibility the insurer will ever have a duty to indemnify. Mrs. Gonzalez's pleading shows there is no possibility Mr. Trevino could be anything other than a Triple A employee who suffered "bodily injury" arising out of his employment with the company. Therefore, the Employer's Liability exclusion applies and the policy's insurance does not. Therefore, whether Berkley Assurance has a duty to indemnify Triple A is justiciable now.

For these reasons, Plaintiff Berkley Assurance Company asks the Court to enter judgment declaring that it has no duty to indemnify Defendant Triple A Dump Truck Service LLC in the Lawsuit.

## VIII. PRAYER

For the reasons discussed above, Plaintiff Berkley Assurance Company asks the Court to:

1. Enter judgment declaring that it has no duty to defend Defendant Triple A Dump Truck Service LLC in the Lawsuit;

2. Enter judgment declaring that Berkley Assurance may withdraw its defense of Triple A in the Lawsuit;

3. Enter judgment declaring that it has no duty to indemnify Triple A in the Lawsuit; and

4. Award Berkley Assurance Company all other relief to which it may be entitled, including, but not limited to, attorney fees, costs, and expenses.

Respectfully Submitted,

By: */s/ Joseph Andrew Love*
Joseph Andrew Love
Southern District of Texas Bar No. 23997
State Bar of Texas No. 24007571
Attorney-in-Charge
Thomas C. Wright
Texas Bar No. 22059400
Wright Close & Barger, LLP
One Riverway, Suite 2200
Houston, Texas 77056
love@wrightclosebarger.com
wright@wrightclosebarger.com

**ATTORNEYS FOR PLAINTIFF
BERKLEY ASSURANCE COMPANY**